IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WAYNE ERNEST BARKER | § |
| | § |
| V. | §   A-06-CA-094-LY |
| | § |
| RISSIE OWENS and LYNN RUZICKA | § |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective January 1, 1994.

Before the Court are Plaintiff's complaint (Document No. 1); Plaintiff's supplemental pleading (Document No. 6); Defendants' Motion to Dismiss (Document No. 23); Plaintiff's response (Document No. 27); Defendants' reply (Document No. 31) and Plaintiff's sur-reply (Document No. 38). Plaintiff, proceeding pro se, has paid the full filing fee for this case.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Skyview Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff brings this action challenging the Board of Pardons and Paroles' September 16, 2005 determination that Plaintiff is ineligible for parole on Medically Recommended Intensive Supervision (MRIS). Plaintiff sues Rissie Owens, the presiding officer of the Texas Board of Pardons and Paroles, and Lynn Ruzicka, a parole commissioner. Plaintiff seeks injunctive and

declaratory relief, in addition to compensatory and exemplary damages. The Court construes Plaintiff's claims as if they were brought against the defendants in their individual and official capacities.

In a letter dated August 30, 2005, Plaintiff wrote that he was interviewed the day before by "Mr. Dickey," whom he identified as a liaison with the Texas Correctional Office on Offenders with Medical or Mental Impairments (TCOOMMI). (Complaint, 22). In his letter, Plaintiff claims that he is "entitled to provide input as an aid to the decision-making process such as communication from family to the Parole Board and the advantage of a complete and through [sic] investigatory process." (Complaint, 22).

On September 16, 2005, Allyson Glass, a program administrator with TCOOMMI, wrote to Plaintiff informing him that the Board of Pardons and Paroles had determined that "your release at this time would constitute a threat to public safety." (Complaint, 17). Glass further informed Plaintiff that his case would periodically be reviewed by TCOOMMI for changes in his medical or psychiatric conditions. (Complaint, 17).

On October 12, 2005, Plaintiff submitted a petition for rehearing of the Board's denial of parole on medically recommended intensive supervision, on the grounds of the "unsupported theory that his release would constitute a threat to public safety." (Complaint, 18). In his petition, Plaintiff describes a criminal history including a conviction for armed robbery in 1958, a conviction for manslaughter in 1984, and his current 1999 conviction for aggravated robbery, among others. (Complaint, 18). Plaintiff contested the conclusion that his criminal record suggested his parole would constitute a threat to public safety, stating, "The above-enumerated convictions for what is


termed 'violent offense' fail to excite the notion that my release would constitute a threat to public safety." (Complaint, 18).

TCOOMMI Program Specialist Kelly Davis explained to Plaintiff in a letter dated October 14, 2005, that her office receives regular census reports from infirmaries and medical units throughout TDCJ and that reported offenders are screened for MRIS eligibility. (Complaint, 21). Plaintiff's name appeared on a report from Hospital Galveston - a TDCJ hospital unit - in August 2004, at which time his name was forwarded to the Board for a vote, and it voted to deny Plaintiff's MRIS status September 2004. (Complaint, 21). Plaintiff's case was reviewed in August 2005 and MRIS parole was again denied. (Complaint, 21).

On November 15, 2005, apparently in response to his October 12 petition for rehearing, Ruzicka wrote to Plaintiff that the Board's decision to deny him MRIS parole "was based on a thorough review of your file. As you make note of it in your letter, your criminal history spans over thirty years. There was ample information in your file to support my decision." (Complaint, 24).

In his supplement pleading Plaintiff alleges "the Defendants violated the Plaintiff's clearly established statutory rights and did so knowing that he was entitled to due process under § 508.146(a)(1) in consideration of his parole eligibility rather than under [Texas Administrative Code] § 145.2(2) as was done by Defendant [Ruzicka] in complete abrogation of state law."

Defendants Owens and Ruzicka move to dismiss Plaintiff's complaint. They argue Plaintiff has no constitutional right to MRIS parole. Defendants explain, on its face, the MRIS parole statute, Section 508.146 of the Texas Government Code, on which Plaintiff bases his claim, creates nothing more than a mere hope of parole by offenders who fall within it purview. Defendants also argue

Plaintiff's claims brought against them in their official capacities for monetary damages are barred by the Eleventh Amendment.

## DISCUSSION AND ANALYSIS

A.    Standard Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. A claim should be dismissed when it appears to a certainty that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Fee v. Herndon, 900 F.2d 804, 807 (5th Cir.), cert. denied, 498 U.S. 908, 111 S.Ct. 279 (1990). In making such a determination, the court may not go outside the pleadings and must accept all well-pleaded facts as true, viewing them most favorably to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state his case with enough clarity to enable the court and opposing party to determine whether a claim is alleged. Elliott v. Foufas, 867 F.2d 877, 880 (5th Cir. 1989). A court should dismiss a case only if an affirmative defense or other bar to relief appears on the face of the complaint. Garrett v. Commonwealth Mortgage Corp. of America, 938 F.2d 591, 594 (5th Cir. 1991). Dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). Mere conclusory allegations will not survive a motion to dismiss. Id.

B.    Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. Pennhurst State School Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900 (1984). The

Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

    C.    Absolute Immunity

Defendants are also protected from Plaintiff's claims brought against them in their individual capacities for monetary damages by the doctrine of absolute immunity. See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Id.

    D.    Due Process

Plaintiff has also failed to state a claim upon which relief can be granted. Plaintiff essentially complains he was denied MRIS parole without a proceeding in which he could be heard on the issue of whether his release would constitute a threat to public safety. As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no protected liberty interest in parole, they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making

parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13.

The MRIS statute also does not create an expectancy of release on parole. The statute provides in relevant part:

> (a)  An inmate, other than an inmate who is serving a sentence of death or life without parole or an inmate who has a reportable conviction or adjudication under Chapter 62, Code of Criminal Procedure, may be released on medically recommended intensive supervision on a date designated by a parole panel described by Subsection (e), except that an inmate with an instant offense that is an offense described in Section 3g, Article 42.12, Code of Criminal Procedure, may only be considered if a medical condition of terminal illness or long-term care has been diagnosed, if:
>
>> (1)  the Texas Correctional Office on Offenders with Medical or Mental Impairments, in cooperation with the Correctional Managed Health Care Committee, identifies the inmate as being elderly, physically disabled, mentally ill, terminally ill, or mentally retarded or having a condition requiring long-term care;
>>
>> (2)  the parole panel determines that, based on the inmate's condition and a medical evaluation, the inmate does not constitute a threat to public safety; and
>>
>> (3)  the Texas Correctional Office on Offenders with Medical or Mental Impairments, in cooperation with the pardons and paroles division, has prepared for the inmate a medically recommended intensive supervision plan that requires the inmate to submit to electronic monitoring, places the inmate on super-intensive supervision, or otherwise ensures appropriate supervision of the inmate.

TEXAS GOV'T CODE § 508.146 (2005 ed.) (emphasis added).

Because Plaintiff has no liberty interest in obtaining MRIS parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decision. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995).

## RECOMMENDATION

It is therefore recommended that Defendants' Motion to Dismiss [#23] be granted and Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failure to state a claim upon which relief can be granted. It is further recommended that Plaintiff's remaining motions [#24, 26, 32, 34, 35, 43, 44, 47, 48, 49] be denied as moot.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of May, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE